**Bertha DUTY, Plaintiff-Appellee,**
v.
**George W. DOTSON, Defendant-Appellant.**

**No. 18610.**

United States Court of Appeals
Sixth Circuit.

Feb. 14, 1969.

Jean L. Auxier, Pikeville, Ky., for appellant; Herbert Deskins, Jr., Pikeville, Ky., on brief.

Jack T. Page, Pikeville, Ky., for appellee.

Before PHILLIPS, EDWARDS and McCREE, Circuit Judges.

PER CURIAM.

Mrs. Bertha Duty, appellee herein, was injured when a log fell on a car in which she was a passenger as it drove along a Kentucky highway. The log had been cut on a steep hillside by two employees of the Dotson Coal Company, a sole proprietorship.

This action was brought against George Walker Dotson on the theory that he owned the coal company, was the employer of the two men who cut the log and was liable under the doctrine of respondeat superior. Dotson denied that he owned the coal company and claimed that it was owned by his son, Don, a college student. He further asserted that the two men were in deviation from their instructions at the time they cut the log and that he could not be liable for their acts even if he had been owner of the mine.

The first trial in October 1964 resulted in a jury verdict for Mrs. Duty, but the District Court granted a new trial on all issues. A second trial in February 1966 again resulted in a jury verdict for Mrs. Duty, but the Court granted a new trial limited to the issue of damages. The present appeal is from judgment based upon a jury verdict of $38,519.64 at the third trial.

■■ The son, Don Dotson, who appellant contends was the owner of the mine and employer of the two workmen, did not testify at any of the three trials. The record shows that the father made arrangements for the employment of the two workmen, gave them instructions as to the work they should do, and agreed to pay their wages in groceries and supplies from a store operated by him. From this evidence the jury could have concluded that the father and not the son was the employer of the workmen. We find evidence in the record from which the jury could have concluded that the workmen were not in substantial deviation from their instructions and were not acting outside the scope of their employment at the time they cut the log that fell upon and injured Mrs. Duty.

■ The most serious question presented on the appeal is whether the District Judge committed reversible error at the beginning of the second trial in refusing to sustain defendant's challenge for cause against the seating of two prospective jurors who at that time were plaintiffs in pending lawsuits. The action of the District Judge in rejecting these challenges for cause under some circumstances could have constituted reversible error and we think it would have been better practice in this case for these two challenges for cause to have been sustained. Under the facts of the present case, however, we find no prejudice to defendant resulting from the rejection of the challenges and therefore decline to reverse on this ground. Defendant exercised his peremptory challenges of the two prospective jurors in question and they did not serve on the jury. There is no showing that defendant's use of these two peremptory challenges in this manner exhausted his supply of peremptory challenges to the extent that he was deprived of a fair trial by an impartial jury. Reporting of the voir dire examination was waived by agreement of the parties, and we have no evidence before us to overturn the presumption of regularity of these proceedings before the District Judge. We find nothing of record to establish that the ruling of the District Judge on these challenges for cause under the facts and circumstances of this case was so manifestly erroneous and prejudicial as to require reversal.

All other contentions made by appellant have been considered and found to be without merit.

Affirmed.